UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| Allen Saks, individually and on behalf of all others similarly situated;<br><br>                            Plaintiff,<br><br>    -v.-<br><br>LVNV Funding, LLC,<br>Resurgent Capital Services, L.P.,<br>Valentine & Kebartas, LLC,<br>and John Does 1-25.<br><br>                            Defendant(s). | Civil Action No: 0:20-cv-62488<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Allen Saks (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, Zeig Law Firm, LLC, against Defendant LVNV Funding, LLC (hereinafter "LVNV"), Defendant Resurgent Capital Services, L.P. (hereinafter "Resurgent"), and Defendant Valentine & Kebartas, LLC (hereinafter "Valentine") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and

1

unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. Additional claims arise from violations of the Florida Consumer Collection Practices Act ("FCCPA") § 559.715 et seq.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as majority of acts and omissions occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), as well as violations of the Florida Consumer Collection Practices Act ("FCCPA") § 559.715 et seq.

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Florida, County of Broward, residing at 4000 N 44th Ave, Hollywood, Florida, 33021.

9. Defendant LVNV Funding, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and the FCCPA, Fla Stat § 559.55(7) with an address for service in Florida c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL, 32301.

10. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Resurgent Capital Services, L.P. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and the FCCPA, Fla Stat § 559.55(7) with an address for service in Florida c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL, 32301.

12. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant Valentine & Kebartas, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and the FCCPA, Fla Stat § 559.55(7) with an address for service in Florida c/o Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, FL, 32301.

14. Upon information and belief, Defendant Valentine is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

15. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

16. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

17. The Class consists of:

    a. all consumers in the state of Florida;

    b. who were sent a Notice of Assignment letter from Resurgent;

    c. on behalf of Defendant LVNV;

    d. and Defendant Valentine took collection actions within 30 days of the Notice of Assignment letter;

    e. on behalf of LVNV

    f. during this time period when all collection actions are prohibited;

    g. which the Notice of Assignment letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

18. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

19. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

20. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' collection actions during the 30-day collection freeze triggered by the Notice of Assignment letter violates 15 U.S.C. §§ l692e 1692f and 1692g, as well as FCCPA § 559.715 et seq.

21. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' collection actions during the 30-day collection freeze triggered by the Notice of Assignment letter violates 15 U.S.C. §§ l692e 1692f and 1692g, as well as FCCPA § 559.715 et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

26. Some time prior to November 2020, an obligation was allegedly incurred to Credit One Bank, N.A.

27. The alleged Credit One Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5), specifically a credit card used for personal purchases.

28. On a date better known to Defendants, Defendant LVNV purchased or assumed the Plaintiff's alleged defaulted debt from Credit One Bank.

29. Thereafter, Defendants LVNV and Resurgent contracted with Defendant Valentine to collect the alleged debt.

30.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – Defendants Improper Collection Actions*

31.     On or about November 19, 2020 Defendant Resurgent sent the Plaintiff a Notice of Assignment (the "Letter") informing the consumer of his rights regarding the alleged debt.  See Letter attached hereto as Exhibit A.

32.     Under Florida law when a debt collector such as LVNV receives an assignment of the debt, the assignee must give the debtor a written notice of such assignment as soon as practical after the assignment is made, **but at least 30 days before any action to collect the debt.**

33.     On or around December 1, 2020 Defendant Valentine on began collection efforts on the Plaintiff on behalf of LVNV, including but not limited to sending a collection letter and harassing the Plaintiff with collection phone calls.

34.     These collection efforts are in direct violation of the 30-day freeze on collection efforts that is triggered by sending the notice of assignment.

35.     The Plaintiff is being harmed by receiving these improper calls and letters during this time period in which no collection efforts must occur.

36.     These calls have caused the Plaintiff to become upset.

37.     Defendants are aware of the requirement to not collect during this time period, but have chosen to intentionally ignore the consumers rights and coerce the Plaintiff to pay instead.

38.     As a result of Defendants deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

39. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

40. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated §1692e (2) by falsely representing the character and legal status of the debt, by demanding payment during a time in which they were not allowed to collect.

43. Defendants violated said section by making a false and misleading representation in violation of §1692e (10).

44. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f** *et seq.*

45. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendants violated this section by demanding payment from the Plaintiff during a time period in which no collection efforts may occur.

49. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

50. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

51. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Defendants violated this section by sending the Plaintiff a "G notice" during a time period in which no collection efforts could occur, forcing him to choose to dispute a debt during the time period in which he should not have been forced to do so.

53. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FCCPA, FLA. STAT. §559.715.

54. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FCCPA including but not limited to FCCPA, FLA. STAT. §559.715.

56. This law states that when a debt collector receives an assignment of the debt, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, **but at least 30 days before any action to collect the debt.**

57. Defendants violated this law by intentionally collecting from the Plaintiff during this 30-day time period.

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section §559.715. et seq. of the FCCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allen Saks, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.        Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 4, 2020                    Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com

*Counsel for Plaintiff Allen Saks*